# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL R. GRAHAM, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-07-152-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

The claimant Paul R. Graham requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining that he was not disabled. For the reasons discussed below, the decision of the Commissioner is hereby REVERSED and the case is REMANDED for further proceedings by the ALJ.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only "if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and

work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423(d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless,

---

[1] Step one requires the claimant to establish he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id.* §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish he lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work the claimant can perform existing in significant numbers in the national economy, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

the Court must review the record as a whole, and "[t]he substantiality of [the] evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born on June 25, 1962, and was forty-three years old at the time of the administrative hearing. He has a high school education and vocational training in truck driving. The claimant has previously worked as a tractor trailer driver, sales route driver, and supervisor of shipping and receiving. He alleges that he has been unable to work since May 15, 2004, due to back injury, spondylitis, and bad knees.

**Procedural History**

On June 8, 2004, the claimant filed an application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. The applications were denied. An administrative hearing was conducted and ALJ Lantz McClain found the claimant not disabled on October 9, 2005. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant's degenerative disk disease, knee problems and obesity were severe impairments (Tr. 19, 20), but that he retained the residual functional capacity ("RFC") to perform

sedentary work, *i. e.*, he could lift and/or carry up to ten pounds frequently and/or occasionally and, with normal breaks, stand/walk/sit for at least six hours in an eight-hour workday (Tr. 20). Using the Medical-Vocational Guidelines ("the grids") as a framework, the ALJ concluded that the claimant was not disabled, even though he could not return to his past relevant work, because there was work he could perform in the national economy (Tr. 23).

**Review**

The claimant contends that the ALJ erred: (i) by failing to properly evaluate the medical evidence; (ii) by finding that the claimant had the RFC to perform substantial gainful activity on a full-time basis; and (iii) by failing to properly evaluate the claimant's credibility. The Court finds that the decision of the Commissioner must be reversed and the case remanded to the ALJ for reconsideration for two reasons.

First, the ALJ found at step two that the claimant's obesity was a severe impairment but failed to account for it in subsequent steps in the sequential evaluation, *e. g.*, at step four, the ALJ failed to include any functional limitations related to obesity in the claimant's RFC. At a minimum, the ALJ should have explained why he thought no functional limitations were necessary. *See, e. g., Timmons v. Barnhart*, 118 Fed. Appx. 349, 353 (10th Cir. 2004) ("At the very least, the ALJ should have explained how a 'severe' impairment at step two became 'insignificant' at step five.") [unpublished opinion]. This was a significant omission because functional limitations arising from a nonexertional impairment such as obesity prohibit conclusive reliance on the grids to determine disability. *See, e. g., Thompson v. Sullivan*, 987

F.2d 1482, 1488 (10th Cir. 1993) ("[A]n ALJ may not rely conclusively on the grids unless he finds (1) *that the claimant has no significant nonexertional impairment*, (2) that the claimant can do the full range of work at some RFC level on a daily basis, and (3) that the claimant can perform most of the jobs in that RFC level.") [emphasis added]. *See also* 20 C.F.R., pt. 404, subpt. P, app. 2, § 200.00(e). The ALJ does not appear to have relied *conclusively* on the grids, but he did indicate he was using the grids "as a framework" to find the claimant was not disabled (Tr. 23). The ALJ was therefore required to "cite examples of occupations or jobs the [claimant could] do and provide a statement of the incidence of such work in the region where the [claimant] resides or in several regions of the country[,]" Soc. Sec. Rul. 96-9p, 1996 WL 374185, at *5, which he clearly failed to do.

Second, the ALJ failed to properly evaluate the medical opinions of the claimant's treating physician Dr. Glen Crowson, M.D. Dr. Crowson was the claimant's treating physician from January 2004 through July 2005, so he saw the claimant before and after the onset of the symptoms alleged to be disabling. In a July 2005 medical source statement, Dr. Crowson opined that the claimant had an RFC for less than sedentary work, *i. e.*, the claimant could not during an eight-hour workday: lift/carry ten pounds even occasionally; stand/walk for more than one hour total or more than thirty minutes continuously; sit more than two hours total or more than one hour continuously. Dr. Crowson also found that the claimant would be required to lie down during the work day to manage pain, and that he was limited in the ability to push and pull; that he could finger and feel frequently; that he could crawl, reach and handle occasionally; and that he could never climb, balance, stoop, kneel or crouch

or work around vibrations, heights or machinery (Tr. 191-92). Despite these limitations imposed by the claimant's treating physician, the ALJ concluded that the claimant was capable of performing sedentary work.

Medical opinions from a treating physician are entitled to controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques . . . [and] consistent with other substantial evidence in the record." *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004), *quoting Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). If for any reason a treating physician's opinions are not entitled to controlling, the ALJ is required to determine the proper weight to give them by considering all of the factors set forth in 20 C.F.R. § 404.1527. *Id.* at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, '[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [§] 404.1527.'"), *quoting Watkins*, 350 F.3d at 1300, *quoting* Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *4. The pertinent factors are the following: (i) the length of the treatment relationship and the frequency of examination; (ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and, (vi) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Watkins,* 350 F.3d at 1300-01, *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001) [quotation omitted]. Finally,

in order to reject the opinion of a treating physician entirely, the ALJ must "give specific, legitimate reasons for doing so." *Id*. at 1301 [quotations omitted].

The ALJ's evaluation of Dr. Crowson's medical opinions fell below these standards. The ALJ obviously concluded that the opinions were not entitled to controlling weight, but he did not find they were unsupported by acceptable diagnostic techniques or specify any inconsistencies with the medical record. Nor did the ALJ consider the proper weight to give Dr. Crowson's opinions using *all of the factors* set forth in 20 C.F.R. § 404.1527. The ALJ did observe that Dr. Crowson imposed greater functional limitations than two non-treating physicians, but he did not explain why he favored their opinions more than Dr. Crowson's. *See Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) ("The opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all. Thus, the ALJ erred in rejecting the treating-physician opinion of Dr. Baca in favor of the non-examining, consulting-physician opinion of Dr. Walker absent a legally sufficient explanation for doing so."), *citing* 20 C.F.R. §§ 404.1527(d)(1), (2), 416.927(1), (2) and Soc. Sec. Rul. 96-6p, 1996 WL 374180, at *2.

The ALJ also observed that "Dr. Crowson did not state that the claimant was disabled or could not perform any work." (Tr. 22). This was a curious observation indeed given that disability determinations are reserved exclusively to the Commissioner, *see* 20 C.F.R. § 404.1527(e)(1) (noting that opinions that claimant is disabled or that an impairment meets or equals the requirements of any impairment in the Listing of Impairments "are not medical

opinions, as described in paragraph (a)(2) of this section, but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability."), and a physician's opinion that a claimant is disabled is therefore usually discounted (although not entirely disregarded) by an ALJ. *See, e. g., Balthrop v. Barnhart*, 116 Fed. Appx. 929, 932-33 (10th Cir. 2004) (finding that an opinion couched as conclusive on an issue reserved to the Commissioner is not a medical opinion entitled to controlling weight analysis or any special significance) [unpublished opinion], *citing* Soc. Sec. Rul. 96-5p, 1996 WL 374183, at *5 (indicating that an opinion on an issue reserved to the Commissioner is still evidence and cannot simply be disregarded). In any event, the failure by Dr. Crowson to state that the claimant was disabled from performing any work (not a medical opinion under the governing regulations) was neither a bar to a disability determination by the ALJ nor even a good reason for rejecting Dr. Crowson's findings regarding the claimant's functional limitations (which *were* medical opinions under the governing regulations).

    For the reasons set forth above, the Court concludes that the decision of the Commissioner must be reversed and the case remanded to the ALJ for further analysis. Because reconsideration of the issues identified herein may in turn affect the ALJ's other findings, *e. g.*, his determination of the claimant's credibility, the Court declines to address the claimant's other assignments of error at this time. On remand, the ALJ should account for the claimant's severe impairment of obesity in the RFC and properly evaluate Dr. Crowson's medical opinions as to the claimant's functional limitations. If the ALJ

determines that additional functional limitations should be included in the claimant's RFC, he should then redetermine what work, if any, the claimant can perform and ultimately whether he is disabled.

## Conclusion

As set forth above, the Court finds that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED and the case REMANDED to the ALJ for further proceedings consistent with this Opinion and Order.

**DATED** this 29th day of September, 2008.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**